UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERICKA LOOFE,

   Plaintiff,                       CASE NO.:

-VS-

JPMORGAN CHASE & CO.,

   Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Ericka Loofe, by and through the undersigned counsel, and sues Defendant, JPMORGAN CHASE & CO. ("Chase"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.      The TCPA was enacted to prevent companies like Chase from invading American citizen's privacy and prevent abusive "robo-calls."

2.      "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give

1

telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones, Federal Communications Commission, (May   27,   2015),   http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7.      The alleged violations described in the Complaint occurred in Polk County, Florida.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Polk County, Florida

9.      Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

10.     Plaintiff is an "alleged debtor."

11.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

12.     Defendant, Chase, is a corporation with its principal place of business located at 270 Park Ave., New York, NY 10017 and which conducts business in the State of Florida

through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

13.　　The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

14.　　Chase called Plaintiff approximately five hundred (500) times since September 1, 2011, in an attempt to collect a debt.

15.　　Chase attempted to collect a debt from Plaintiff by this campaign of telephone calls.

16.　　Chase intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

17.　　On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

18.　　Each call Chase made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

19.　　Each call Chase made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff.

20.　　Beginning or around September 1, 2011, Chase began bombarding Plaintiff's cellular telephone with automated calls attempting to collect on an automobile loan.

21.　　Plaintiff has been on medical disability since 2008 and due to such, faces continual financial hardship, despite this, Plaintiff would make her monthly payments albeit normally late.

22.     Despite making her monthly payments, Plaintiff received automated calls from Chase to her cellular telephone (\*\*\*-\*\*\*-3418) attempting to collect additional money.

23.     On approximately fifteen (15) occasions Plaintiff spoke to agents of Chase and repeatedly informed them that she wished for Chase to stop calling her.

24.     In response to her requests for a cessation of calls, Chase would commonly inform Plaintiff that they cannot stop the auto-dialed calls.

25.     Chase would also call Plaintiff's husband's cell phone attempting to collect on the debt – to which Plaintiff as well as Plaintiff's husband would inform Chase to stop calling.

26.     Due to the tremendous volume of calls Plaintiff received from Chase over the years she has not been able to catalogue each and every call, however below is a small sampling of the calls received:

      i)     Five (5) calls on April 10, 2015

      ii)    Three (3) calls on April 11, 2015

      iii)   Two (2) calls on April 12, 2015

      iv)   Four (4) calls on April 13, 2015

      v)     Four (4) calls on April 15, 2015

      vi)   Five (5) calls on April 16, 2015

      vii)  Five (5) calls on April 17, 2015

      viii) Five (5) calls on April 18, 2015

27.     Chase has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

28.     Chase has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Chase, to remove the number.

29.     Chase's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Chase that they wish for the calls to stop.

30.     Chase has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

31.     Chase has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite being requested to stop.

32.     Chase has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

33.     The Consumer Financial Protection Bureau (www.consfumerfinance.gov) has received the following complaints from consumers against Chase:

   i)     Eighty-Seven (87) complaints since December, 2011 classified as Collection debt dispute (Attached hereto as Exhibit "1")

   ii)    One hundred fifty nine (159) complaints since July, 2013 classified as Communication tactics (Attached hereto as Exhibit "2")

   iii)   One hundred and four (104) complaints since December, 2011 classified as Collection practices (Attached hereto as Exhibit "3")

   iv)    Three hundred thirty four (334) complaints since July, 2013 classified as Cont'd attempts collect debt not owed (Attached hereto as Exhibit "4")

34.     Chase's corporate policy provided no means for Plaintiff to have her number removed from the call list.

35. Chase has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

36. Plaintiff did not expressly consent to Chase's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Chase's placement of the calls.

37. Not a single call placed by Chase to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. Chase willfully and/or knowingly violated the TCPA with respect to Plaintiff.

**COUNT I**
**(Violation of the TCPA)**

39. Plaintiff incorporates Paragraphs one (1) through thirty-eight (38).

40. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

41. Defendant knowingly violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant was calling the wrong number and to stop calling Plaintiff.

42. Chase repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Chase for statutory damages, punitive damages, actual damages, costs, interest,

attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

43.     Plaintiff incorporates one (1) through thirty-eight (38).

44.     At all times relevant to this action Chase is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

45.     Chase has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

46.     Chase has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

47.     Chase's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Chase for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
Florida Bar #: 0103330
Attorney for Plaintiff